IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION



| | |
|---|---|
| JOSHUA MCLEOD and DANIEL GRANTHAM, on Behalf of Themselves and All Others Similarly Situated, § § § § § Plaintiffs, § § v. § § BLACK JACK SERVICES, INC. and KEVIN § WILSON, § § Defendants. § § § | CIVIL ACTION NO. 5:16cv87DCB-MTP<br><br>JURY TRIAL DEMANDED<br><br>FLSA COLLECTIVE ACTION |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs JOSHUA MCLEOD ("McLeod") and DANIEL GRANTHAM ("Grantham") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, file this Original Complaint against BLACK JACK SERVICES, INC. ("Black Jack Services") and KEVIN WILSON ("Wilson") (collectively "Defendants"), showing in support as follows:

### I. NATURE OF THE CASE

1. This is a civil action brought by Plaintiffs pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendants' failure to pay Plaintiffs time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek.

2. Plaintiffs file this lawsuit on behalf of themselves and as an FLSA collective action on behalf of all other similarly situated current and/or former employees who work(ed) for Defendants as oilfield workers, were paid an hourly rate of pay, and at times per diem pay, and were not paid time and one-half their respective regular rates of pay for all hours worked over 40

*Plaintiffs' Original Complaint – Page 1*

in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward.

3.      Plaintiffs and the collective action members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs and post-judgment interest.

## II.     THE PARTIES, JURISDICTION, AND VENUE

### A.     Plaintiff Joshua McLeod

4.      McLeod is a natural person. He has standing to file this lawsuit.

5.      McLeod was employed by Defendants from approximately February 2013 to approximately August 2016 as an hourly paid oilfield worker who also received per diem pay. McLeod primarily worked as a floor hand on completion rigs/pulling units in Defendants' oilfield operations. Despite regularly working more than 40 hours in a seven day workweek, McLeod was not paid time and one-half his regular rate of pay for all hours worked over 40 in each and every seven day workweek while employed by Black Jack Services and/or Wilson.

### B.     Plaintiff Daniel Grantham

6.      Grantham is a natural person. He has standing to file this lawsuit.

7.      Grantham was employed by Defendants from approximately July 2014 to approximately July 2015 as an hourly paid oilfield worker who also received per diem pay. Grantham primarily worked as a derrick hand on completion rigs/pulling units in Defendants' oilfield operations. Despite regularly working more than 40 hours in a seven day workweek, Grantham was not paid time and one-half his regular rate of pay for all hours worked over 40 in each and every seven day workweek while employed by Black Jack Services and/or Wilson.

### C. Collective Action Members

8. The putative collective action members are all current and/or former hourly paid oilfield worker employees of Black Jack Services and/or Wilson who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek. While their precise job duties might vary somewhat as oilfield worker employees on or in connection with completion rig/pulling unit operations for Defendants (*i.e.* rig operator, derrick hand, motor hand, tong operator, floor hand, *etc.*), those differences do not matter for purposes of determining their entitlement to overtime pay. Because Defendants did not pay overtime premium compensation to its hourly paid oilfield worker employees who routinely worked in excess of 40 hours per workweek, Plaintiffs and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

9. The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward.

### D. Defendant Black Jack Services, Inc.

10. Black Jack Services is a domestic corporation organized under the laws of the State of Mississippi.

11. During all times relevant to this lawsuit, Black Jack Services has done business in the State of Mississippi.

12. Black Jack Services' principal place of business is 511 Liberty Road, Natchez, Adams County, Mississippi 39120.

13. At all times relevant to this lawsuit, Black Jack Services has been an "enterprise engaged in commerce" as defined by the FLSA.

14. At all times relevant to this lawsuit, Black Jack Services employed, and continues to employ, two or more employees.

15. At all times relevant to this lawsuit, Black Jack Services employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person. For example, Black Jack Services employed two or more employees who regularly handled or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, vehicles, fuel, communications devises, safety equipment and other equipment and supplies/materials used in connection with Black Jack Services' oilfield operations.

16. On information and belief, at all times relevant to this lawsuit, Black Jack Services has had annual gross sales or business volume in excess of $500,000.

17. Black Jack Services may be served with summons through its registered agent, Timothy S. Wilson, 511 Liberty Road, Natchez, Mississippi 39120.

### E. Defendant Kevin Wilson

18. Wilson is a natural person who resides in Adams County, Mississippi.

19. Wilson is the President of Black Jack Oil Company, Inc. ("Black Jack Oil"), a domestic corporation organized under the laws of the State of Mississippi. Wilson is also the registered agent for Black Jack Services.

20. On information and belief, Black Jack Oil shares the same primary yard for business operations/principal place of business as Black Jack Services - 511 Liberty Road, Natchez, Adams County, Mississippi 39120.

21. Wilson is/was a manager for Black Jack Services and has/had operational control over the day-to-day business operations of Black Jack Services. For example, Wilson dictates/dictated the operational practices and goals of Black Jack Services, which was an entity that provided most of its work for Black Jack Oil.

22. Wilson manages/managed the selection and application of pay practices relative to employees of Black Jack Services. In fact, some of the Plaintiffs and putative collective action members, including McLeod, questioned Wilson about erroneous earning statement data and not being paid any overtime wages despite regularly working more than 40 hours in a workweek.

23. Wilson has/had the power to hire and fire Black Jack Services' employees. For example, Wilson hired McLeod.

24. Wilson supervises/supervised and/or controls/controlled Black Jack Services' employees work schedules and conditions of employment.

25. Wilson determines/determined the rates and methods of payment for Black Jack Services. Although Plaintiffs and the putative collective action members were provided with earnings statements (which contained grossly inaccurate data regarding hours worked), they were paid in cash, typically by Wilson or someone acting pursuant to Wilson's instructions. Questions about the misstatement of hours worked in the earnings statements and lack of overtime pay were directed to Wilson by employees of Black Jack Services.

26. Wilson sends/sent and maintains/maintained employment records for Black Jack Services' employees. For example, in corporate filings with the Mississippi Secretary of State relative to Black Jack Oil, Wilson lists his address as P.O. Box 214, Sibley, Mississippi 39165. That is the same address listed in earning statements provided to Plaintiffs and the putative collective action members relative to their work for Black Jack Services and/or Wilson although

Plaintiffs are not aware of any Black Jack Services office or yard in Sibley, Mississippi. Rather, the primary yard for Black Jack Services is in Natchez, Mississippi.

27. Wilson may be served with summons at 305 Creek Bend Road, Natchez, Mississippi 39120.

### F. Jurisdiction and Venue

28. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

29. During all times relevant to this lawsuit, Defendants have done business in the State of Mississippi and continue to do business in the State of Mississippi.

30. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims on federal law, namely the FLSA.

31. Venue is proper in the United States District Court for the Southern District of Mississippi because a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district. As previously identified, Defendants have their principal places of business within this District and Plaintiffs and the putative collective action members performed work made the subject matter of this lawsuit within this District.

32. Venue is proper in the Western Division of the United States District Court for the Southern District of Mississippi because, as previously identified, Defendants have their principal places of business within this Western Division and a substantial part of the events giving rise to the claims in this lawsuit occurred within the Western Division.

### III. FACTUAL BACKGROUND

33. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

34. Black Jack Services owns and/or operates completion rigs/pulling units in connection with completions and workover/repair operations for oil and/or natural gas well sites ("oilfield operations").

35. Most of Black Jack Services' oilfield operations are performed for Black Jack Oil.

36. In the time period of three years preceding the date this lawsuit was filed and forward, Black Jack Services employs/employed numerous oilfield workers in connection with its oilfield operations (the "oilfield workers"). Like Plaintiffs, those oilfield workers work/worked on and/or in support of Black Jack Services' completion rigs/pulling units, were paid an hourly rate of pay plus per diem pay, held job duties and/or titles identical or substantially similar to that of rig operators, derrick hands, motor hands, tong operators, and/or floor hands (the "oilfield workers"). For example, Plaintiff McLeod was primarily a floor hand and Plaintiff Grantham was primarily a derrick hand.

37. The job duties of Black Jack's oilfield workers were manual labor in nature.

38. Plaintiffs and the other oilfield workers regularly worked five to six days per workweek for Black Jack Services and/or Wilson.

39. Plaintiffs and the other oilfield workers regularly worked in excess of 40 hours per workweek for Black Jack Services and/or Wilson, but were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek.

40. Defendants had a practice and pattern of significantly understating the hours worked by Plaintiffs and the oilfield workers. For example, the earnings statements issued to the

Plaintiffs and oilfield workers materially understated the actual hours worked per pay period by those individuals.

41. Plaintiffs' and the other oilfield workers' earnings statements and remuneration also listed and included so-called per diem pay, which was approximately $350 per pay period. However, that alleged per diem pay did not represent reasonable payments for traveling expenses, or other expenses incurred by Plaintiffs and the oilfield workers in furtherance of Black Jack's and/or Wilson's interests.

42. Plaintiffs and many or all of the oilfield workers were paid in cash as opposed to being paid with a paycheck.

## IV. CONTROLLING LEGAL RULES

43. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

44. The FLSA generally requires that when an employee works more than 40 hours in a workweek, an employer must compensate that employee for all hours worked over 40 "at a rate no less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

45. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee . . . ." 29 U.S.C. § 207(e).

46. With only limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. for Bibb Cnty*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

47. Bona fide per diem payments which reflect "reasonable payments for traveling expenses, or other expenses incurred by an employee in furtherance of his employer's interests

and properly reimbursable by the employer" may be excluded from the regular rate of pay. 29 C.F.R. § 778.216. "[O]nly the actual or reasonably approximate amount of the expense is excludable from the regular rate. If the amount paid as 'reimbursement' is disproportionately large, the excess amount will be included in the regular rate." 29 C.F.R. § 778.217(c).

48. "The expenses for which reimbursement is made must in order to merit exclusion from the regular rate ..., be expenses incurred by the employee on the employer's behalf or for his benefit or convenience. If the employer reimburses the employee for expenses normally incurred by the employee for his own benefit, he is, of course, increasing the employee's regular rate thereby. An employee normally incurs expenses in traveling to and from work, buying lunch, paying rent, and the like. If the employer reimburses him for these normal everyday expenses, the payment is not excluded from the regular rate as 'reimbursement for expenses.' Whether the employer 'reimburses' the employee for such expenses or furnishes the facilities (such as free lunches or free housing), the amount paid to the employee (or the reasonable cost to the employer or fair value where facilities are furnished) enters into the regular rate of pay... ." 29 C.F.R. § 778.217(d).

49. Where the amount designated by the employer as a per diem allowance is not "reasonably approximated [to the employee's] reimbursable expenses," that per diem payment must be factored into the employee's regular rate of pay. *Gagnon v. United Technisource, Inc.*, 607 F.3d 1035, 1041 (5th Cir. 2010).

50. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

51. The FLSA recognizes the doctrine of joint employers. 29 C.F.R. § 791.2. "Where the employee performs work which simultaneously benefits two or more employers, or works for

two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as: (1) Where there is an arrangement between the employers to share the employee's services, as, for example, to interchange employees; (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer" 29 C.F.R. § 791.2(b).

52.    "When determining whether joint employment exists, courts examine the totality of the circumstances—focusing on the economic realities of the particular employment relationship." *Parker v. ABC Debt Relief Co.*, No. 3:10-CV-1332-P, 2013 WL 371573, at *4 (N.D. Tex. Jan. 28, 2013) (citing *Reich v. Prima Corp.*, 890 F.Supp. 586, 590 (N.D.Tex.1995); *Wirth v. Lone Star Steel Co.*, 405 F.2d 668, 669 (5th Cir.1968)). "Joint employment is construed broadly, and labels and contractual terms used in a particular relationship are largely unimportant." *Id.*

53.    Individual owners, officers and managers may be liable, along with corporate employer, for FLSA damages to employees. *See, e.g., Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012). ("The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies.")

54.    "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits

without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

55.     Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

## V.     FLSA CLAIMS

56.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

57.     All conditions precedent to the filing of this lawsuit, if any, have been fulfilled.

58.     At all relevant times, Black Jack Services is/was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

59.     At all relevant times, Black Jack Services is/has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

60.     At all relevant times, Wilson is/was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d); *Gray*, 673 F.3d at 357.

61. At all relevant times, Black Jack Services and Wilson are/have been joint employers as that doctrine is recognized by the FLSA. 29 C.F.R. § 791.2.

62. Plaintiffs and putative collective action members are/were employees of Black Jack Services and/or Wilson pursuant to the FLSA. 29 U.S.C. § 203(e); 29 C.F.R. § 791.2.

63. Plaintiffs and the putative collective action members are/were paid an hourly rate of pay by Black Jack Services and/or Wilson.

64. Plaintiffs and the putative collective action members are/were also paid so-called per diem pay by Black Jack Services and/or Wilson which should be/should have been included in calculating their respective regular rates of pay. Such per diem pay did not represent expenses incurred by the Plaintiffs and putative collective action members on their employer's/employers' behalf or for their employer's/employers' benefit or convenience.

65. At all material times, Plaintiffs and the putative collective action members regularly work/worked in excess of 40 hours per seven-day workweek as employees of Black Jack Services and/or Wilson.

66. Black Jack Services and/or Wilson are/were required to pay Plaintiffs and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven day workweek. 29 U.S.C. § 207(a)(1).

67. Black Jack Services and/or Wilson failed to pay Plaintiffs and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit. 29 U.S.C. § 207(a)(1); 29 U.S.C. §216(b).

68. Black Jack Services and/or Wilson failed to make and keep the records required by 29 C.F.R. § 516.2(a)(6) as to the Plaintiffs and putative collective action members.

*Plaintiffs' Original Complaint – Page 12*

69. Black Jack Services and/or Wilson failed to make and keep an accurate record of the total hours worked on a daily and weekly basis by each Plaintiff and each putative collective action member as required by the FLSA. 29 C.F.R. § 516.2(a)(7).

70. The putative collective action members are similarly situated to Plaintiffs and to each other under the FLSA. 29 U.S.C. § 216(b).

71. Defendants' violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendants are/were aware that Plaintiffs and the putative collective action members were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every seven day workweek. At all material times, Defendants are/were aware that the earnings statements issued to Plaintiffs and the putative collective action members understated each such individual's total hours worked per pay period. Plaintiffs and the putative collective action members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

72. Plaintiffs and the putative collective action members seek all damages available for Black Jack Services' and/or Wilson's failure to timely pay all overtime wages owed.

## VI.   FLSA COLLECTIVE ACTION

73. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case); *see also, Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

74. Plaintiffs seek to represent a collective action under 29 U.S.C. § 216(b) for and on behalf of all current and/or former hourly paid oilfield workers of Black Jack Services and/or

Wilson who are/were not paid time and one-half their respective regular rates of pay, including non-bona fide per diem pay, for all hours worked over 40 during each seven day workweek. Because Black Jack Services and/or Wilson did not pay overtime premium compensation to its hourly paid oilfield worker employees who routinely worked in excess of 40 hours per workweek, Plaintiffs and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

75. Plaintiffs reserve the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

76. Plaintiffs further reserve the right to amend the definition of the putative collective action class, or sub-classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.   JURY DEMAND

77. Plaintiffs demand a jury trial.

## VIII.   DAMAGES AND PRAYER

78. Plaintiffs, on behalf of themselves and the putative collective action members, ask that summons be issued and that they be awarded a judgment against Defendant(s) or order(s) from the Court for the following:

   a. An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members;

   b. All damages allowed by the FLSA, including back overtime wages;

   c. Liquidated damages in an amount equal to back FLSA mandated wages;

   d. Legal fees;

   e. Costs;

   f. Post-judgment interest;

g. All other relief to which Plaintiffs and the Collective Action Members are justly entitled.

Date: September 26, 2016.

           Respectfully submitted,

           BARON & BUDD, P.C.

           By: /s/ Allen R. Vaught

           Allen R. Vaught
           Lead Counsel
           MS Bar No. 101695
           3102 Oak Lawn Avenue, Suite 1100
           Dallas, Texas 75219
           (214) 521-3605 – Telephone
           (214) 520-1181 – Facsimile
           avaught@baronbudd.com

           CARBY & CARBY, P.C.

           Philip E. Carby, Esq. (MSB#5862)
           E. Hyde Carby, Esq. (MSB#102932)
           Post Office Box 1047 (39121)
           513 State Street
           Natchez, Mississippi 39120
           Telephone: 601-445-5011
           Facsimile: 601-445-5033
           pcarby@carbylaw.com
           hcarby@carbylaw.com

           ATTORNEYS FOR PLAINTIFFS