**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**JOSHUA MCLEOD, ET AL.**                                                                          **PLAINTIFFS**

**v.**                                                              **CIVIL ACTION NO. 5:16-cv-87-DCB-MTP**

**BLACK JACK SERVICES, INC., ET AL.**                                                 **DEFENDANTS**

**<u>ORDER</u>**

THIS MATTER is before the Court on the parties' Joint Motion to Extend Deadlines [34].  Currently, the discovery deadline is December 1, 2017, and the motions deadline is December 15, 2017. *See* Case Management Order [16].  In the instant Motion [34], the parties seek to extend these deadlines to February 1, 2018, and February 16, 2018, respectively.

The trial court is afforded broad discretion to preserve the integrity and purpose of the pretrial order. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).  Case deadlines can be modified only by order of the Court upon a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record. *See* Case Management Order [16]; Fed. R. Civ. P. 16(b)(4).  The good cause standard "require[s] the movant to show that the deadline cannot be met despite the diligence of the party needing the extension." *Puig v. Citibank, N.A.*, 514 Fed. App'x 483, 487-88 (5th Cir. 2013) (citation and quotation omitted).  In determining whether the movant has met its burden under Rule 16(b)(4), the Court considers four factors: (1) the party's explanation for its failure to meet the deadline, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice. *S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *Geiserman*, 893 F.2d at 791.

1

According to the parties, they wish to focus their efforts on settlement discussions prior to engaging in further discovery.  The parties also assert that the upcoming holidays will affect their schedules.  While settlement efforts are encouraged, they do not constitute good cause for liberal extensions of the case deadlines. *See PIC Group, Inc. V. Landcoast Insulation, Inc.*, 2010 WL 4791710, at *1 (S.D. Miss. Nov. 18, 2010); *Rivera v. County of Willacy*, 2007 WL 1655303, at *1 (S.D. Tex. June 6, 2007).  Additionally, the upcoming holidays do not justify two-month extensions of the case deadlines.  Finally, the requested extensions, if granted, would affect the current trial setting, and a continuance is not warranted based on the current record.

IT IS, THEREFORE, ORDERED that the Joint Motion to Extended Deadlines [34] is DENIED.  **However, the parties are encouraged to schedule a conference with the undersigned if they desire to address any specific issues.**

SO ORDERED this the 31st day of October, 2017.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE